# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **LOS AMIGOS OF KALAMAZOO, INC.**, d/b/a **LOS AMIGOS MEXICAN RESTAURANT** **LOS AMIGOS GRILL, INC.**, d/b/a **LOS AMIGOS MEXICAN RESTAURANT** **RIVIERA MAYA, INC.**, d/b/a **RIVIERA MAYA BAR AND GRILL**, Michigan Corporations and **FRANCISCO HERNANDEZ**, **FELIPE ORTIZ**, **ROSA BRAVO**, **MARCOS MATIAS** and **JUAN CARLOS ORTIZ**, individuals, <br><br> Defendants. | Civil Action No.: 1:18-cv-746 <br><br> Legal and equitable relief sought |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants **LOS AMIGOS OF KALAMAZOO, INC.**, d/b/a **LOS AMIGOS MEXICAN RESTAURANT, LOS AMIGOS GRILL, INC.**, d/b/a **LOS AMIGOS MEXICAN RESTAURANT, RIVIERA MAYA, INC.**, d/b/a **RIVIERA MAYA BAR AND GRILL,** Michigan corporations (collectively "Corporate Defendants"), and **FRANCISCO HERNANDEZ, FELIPE ORTIZ, ROSA BRAVO, MARCOS MATIAS** and **JUAN CARLOS ORTIZ**, individuals, (collectively "Individual Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter, "the Act"), pursuant to section 17 of the

Act; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

## I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II

(A)  **LOS AMIGOS OF KALAMAZOO, INC.**, (hereinafter "Los Amigos of Kalamazoo"), is and, at all times hereinafter mentioned, was a Michigan corporation with an office located at 3317 Stadium Drive, Kalamazoo, Michigan 49008 in Kalamazoo County, within the jurisdiction of this Court. Los Amigos Kalamazoo is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(B)  **LOS AMIGOS GRILL, INC.**, (hereinafter "Los Amigos Grill"), is and, at all times hereinafter mentioned, was a Michigan corporation with an office located at 7375 S. Westnedge Avenue, Portage, Michigan 49002 in Kalamazoo County, within the jurisdiction of this Court. Los Amigos Grill is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(C)  **RIVIERA MAYA, INC.**, (hereinafter "Riviera Maya"), is and, at all times hereinafter mentioned, was a Michigan corporation with an office located at 5036 S. Westnedge Avenue, Portage, Michigan 49002 in Kalamazoo County, within the jurisdiction of this Court. Riviera Maya is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(D)     **FRANCISCO HERNANDEZ** is and, all times hereinafter, was an owner of the Corporate Defendants, and actively supervised the day-to-day operations and management of the Corporate Defendants in relation to their employees, including, but not limited to supervising employees, determining pay practices and maintaining authority to hire and fire employees of the Corporate Defendants. At all times hereinafter mentioned, **FRANCISCO HERNANDEZ** is and was engaged in business within Kalamazoo County, within the jurisdiction of this court. **FRANCISCO HERNANDEZ** acted directly or indirectly in the interest of the Corporate Defendants in relation to their employees and is an employer within the meaning of 29 U.S.C. § 203(d).

(E)     **FELIPE ORTIZ** is and, all times hereinafter, was an owner of the Corporate Defendants, and actively supervised the day-to-day operations and management of the Corporate Defendants in relation to their employees, including, but not limited to supervising employees, determining pay practices and maintaining authority to hire and fire employees of the Corporate Defendants. At all times hereinafter mentioned, **FELIPE ORTIZ** is and was engaged in business within Kalamazoo County, within the jurisdiction of this court. **FELIPE ORTIZ** acted directly or indirectly in the interest of the Corporate Defendants in relation to their employees and is an employer within the meaning of 29 U.S.C. § 203(d).

(F)     **ROSA BRAVO** is and, all times hereinafter, was an owner of the Corporate Defendants, and actively supervised the day-to-day operations and management of the Corporate Defendants in relation to their employees, including, but not limited to supervising employees, determining pay practices and maintaining authority to hire and fire employees of the Corporate Defendants. At all times hereinafter mentioned, **ROSA BRAVO** is and was engaged in business within Kalamazoo County, within the jurisdiction of this court. **ROSA**

**BRAVO** acted directly or indirectly in the interest of the Corporate Defendants in relation to their employees and is an employer within the meaning of 29 U.S.C. § 203(d).

(G) **MARCOS MATIAS** is and, all times hereinafter, was an owner of defendant **RIVIERA MAYA**, and actively supervised the day-to-day operations and management of the Corporate Defendants in relation to their employees, including, but not limited to supervising employees, determining pay practices and maintaining authority to hire and fire employees of the Corporate Defendants. At all times hereinafter mentioned, **MARCOS MATIAS** is and was engaged in business within Kalamazoo County, within the jurisdiction of this court. **MARCOS MATIAS** acted directly or indirectly in the interest of the Corporate Defendants in relation to their employees and is an employer within the meaning of 29 U.S.C. § 203(d).

(H) **JUAN CARLOS ORTIZ** is and, all times hereinafter, was an owner of defendant **LOS AMIGOS OF KALAMAZOO**, and actively supervised the day-to-day operations and management of the Corporate Defendants in relation to their employees, including, but not limited to supervising employees, determining pay practices and maintaining authority to hire and fire employees of the Corporate Defendants. At all times hereinafter mentioned, **JUAN CARLOS ORTIZ** is and was engaged in business within Kalamazoo County, within the jurisdiction of this court. **JUAN CARLOS ORTIZ** acted directly or indirectly in the interest of the Corporate Defendants in relation to their employees and is an employer within the meaning of 29 U.S.C. § 203(d).

### III

(A) Each of the Corporate Defendants is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for

a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

(B)   Corporate Defendants at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, constituted a single enterprise within the meaning 29 U.S.C. § 203(r). Specifically, Individual Defendants controlled Corporate Defendants by making unified strategic, operational, and policy decisions for Corporate Defendants. Corporate Defendants have unified operations, including but not limited to accounting and payroll, and Corporate Defendants share the common business purpose of operating and managing restaurants.

## IV

(A)   Each of the Corporate Defendants is and, at all times herein after mentioned, was an enterprise within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in the commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

(B)   Corporate Defendants, at all times hereinafter mentioned, comprised a single enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise, at all times hereinafter mentioned, had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

**V**

The Corporate Defendants and Individual Defendants repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act by paying employees wages at a rate less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked. Specifically, Defendants paid kitchen staff, on a weekly basis, a set amount, regardless of the hours worked. Kitchen staff routinely worked 50-60 hours a week. The kitchen workers' set weekly compensation divided by the weekly hours worked, resulted in payment of an hourly wage less than the applicable minimum wage of $7.25 per hour. Defendants also paid servers at rates less than the applicable minimum wage of $7.25 per hour. Specifically, Defendants paid servers for 40 hours of work per week, regardless of the hours worked in a workweek. Servers routinely worked more than 40 hours per week. The servers' weekly compensation divided by the weekly hours worked, resulted in payment of an hourly wage less than the applicable minimum wage of $7.25 per hour.

**VI**

The Corporate Defendants and Individual Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for

commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants paid the kitchen staff a set amount for all hours worked. Defendants failed to pay the half time premium for hours over 40 in a workweek. Furthermore, Defendants paid servers for 40 hours of work per week, regardless of the hours worked in a workweek. Defendants did not pay servers one and one-half times the regular rate for hours over 40 in a workweek.

## VII

The Corporate Defendants and Individual Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of kitchen staff and server employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516. Specifically, Defendants' records failed to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed. In addition, Defendants' records were inaccurate, in part, because Defendants intentionally omitted employees' hours worked in excess of 40 hours in a workweek.

**VIII**

During the period since August 27, 2014, the Corporate Defendants and Individual Defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

1. pursuant to section 16(c) of the Act, finding defendants liable for unpaid minimum wage and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to section 17 of the Act, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed

at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

      C.      For an Order awarding plaintiff the costs of this action; and

      D.      For an Order granting such other and further relief as may be necessary and appropriate.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

P.O. ADDRESS:
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone no.: 312/353-5738
Facsimile no.: 312/353-5698
E-mail: Arumilli.elizabeth@dol.gov
Patterson.jason@dol.gov

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Elizabeth Arumilli
**ELIZABETH ARUMILLI**
Trial Attorney

s/ R. Jason Patterson
**R. JASON PATTERSON**
Trial Attorney

United States Attorney's Office
Western District of Michigan
P.O. Box 208
Grand Rapids, Michigan 49501
Telephone no.: 616/808-2031
Facsimile no.: 616/456-2510
Ryan.Cobb@usdoj.gov

**ANDREW B. BIRGE**
U.S. Attorney
Western District of Michigan

**RYAN D. COBB**
Civil Division Chief

Attorneys for **R. Alexander Acosta**, Secretary of Labor, United States Department of Labor, Plaintiff