UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **LOS AMIGOS OF KALAMAZOO, INC.**, d/b/a **LOS AMIGOS MEXICAN RESTAURANT;** **LOS AMIGOS GRILL, INC.**, d/b/a **LOS AMIGOS MEXICAN RESTAURANT;** **RIVIERA MAYA, INC.**, d/b/a **RIVIERA MAYA BAR AND GRILL**, Michigan Corporations and **FRANCISCO HERNANDEZ**, **FELIPE ORTIZ**, **ROSA BRAVO**, **MARCOS MACIAS, JR.,** and **JUAN CARLOS ORTIZ**, individuals, | ) ) ) ) ) ) ) ) ) ) ) Civil action no.: 18 CV 746  Hon. Janet T. Neff |
| Defendants. | ) ) |

## CONSENT JUDGMENT

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor (the "Secretary"), commenced this action in the United States District Court for the Western District of Michigan on July 5, 2018, where it was assigned Case No. 18-cv-746 (the "Lawsuit"). The Secretary alleges that Defendants **LOS AMIGOS OF KALAMAZOO, INC.**, d/b/a **LOS AMIGOS MEXICAN RESTAURANT; LOS AMIGOS GRILL, INC.**, d/b/a **LOS AMIGOS MEXICAN RESTAURANT**; and **RIVIERA MAYA, INC.**, d/b/a **RIVIERA MAYA BAR AND GRILL**, Michigan Corporations (collectively "Corporate Defendants"); and **FRANCISCO HERNANDEZ**, **FELIPE ORTIZ**, **ROSA BRAVO**, **MARCOS MACIAS, JR.,** and **JUAN CARLOS ORTIZ**, individuals, (collectively "Individual Defendants") (collectively, "Defendants"), violated the Fair

Labor Standards Act (the "Act") by failing to pay employees a minimum wage of $7.25 per hour for all hours worked, pay employees an overtime premium of one-half times the employees' regular rate for each hour worked in excess of forty (40) hours in a workweek and maintain adequate records. Defendants appeared by counsel, answered the Complaint, and denied all of the Secretary's allegations.

The Secretary and Defendants have agreed to settle the Lawsuit. It is therefore the finding of this Court, made on the pleadings and the records as a whole, that: (1) this Court has jurisdiction over the parties and the subject matter of this action; (2) the parties admit to jurisdiction of the Western District of Michigan for purposes of enforcement of any contempt proceedings relating to the terms of this Judgment; and (3) this Consent Judgment fully resolves the matters in controversy in the Lawsuit between the Secretary and Defendants as provided in the paragraphs below. **Now, therefore**, upon motion for the attorneys for the Secretary and Defendants, and for cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED:**

**I. INJUNCTIVE RELIEF**

Pursuant to section 17 of the Act, that the Defendants, their officers, agents, servants, successors, employees, and all persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

**A.** Defendants shall not, contrary to sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate

less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

B. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed. The "regular rate" includes all sums paid for all hours worked and such sums divided by all hours worked equals the "regular rate."

C. Defendants shall not fail to make, keep and preserve records of their employees of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the FLSA and found at 29 C.F.R. Part 516, including, but not limited to, making and maintaining records of all hours worked by each employee in each workday and each workweek and records of compensation paid to each employee in each workweek, whether payment is made by a payroll check, personal check, cash or a combination thereof. The records maintained by Defendants shall also include, but not be limited to, the full name and last-known mailing address of all employees, the daily starting and stop time of each employee, and the specific method of payment made to each employee. Defendants shall make all of the above records available to the Secretary of Labor's representatives as necessary or appropriate for the enforcement

of the provisions of the FLSA and the regulations thereunder, pursuant to section 11 of the FLSA.  29 U.S.C. § 211.

D. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else acting on behalf of the Defendants, any money in cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act.

E. Defendants, their agents, officers or employees shall not, contrary to section 15(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendants for exercising any rights under the FLSA, including, but not limited to, employee complaints regarding FLSA compliance made to Defendants or to the Wage and Hour Division of the United States Department of Labor, or cooperation with an investigation conducted by the Wage and Hour Division.

## II. COMPLIANCE MEASURES

A. For a period of two years from the date of the consent judgment, Defendants shall provide each employee on each pay date with a pay stub that reflects the pay period dates, total hours paid, regular rate and overtime rate of pay, gross amount paid, and all withholding and deductions taken.  All pay and deductions must be recorded and maintained whether payments are made by check or in cash.

B. Defendants shall provide all employees with a copy of the U.S. Department of Labor, Wage & Hour Division, *Handy Reference Guide to the Fair Labor Standards Act*¸ and *Overtime Pay Requirements of the FLSA*, in English and Spanish, which are available on the DOL website.  Defendants shall provide these materials within 30 days of employment (for current employees within 60 days of entry of the consent judgment).

C. Defendants shall hire an independent, third-party CPA or IRS enrolled agent knowledgeable of the minimum wage, overtime, and record keeping provisions of the FLSA and the regulations promulgated thereunder to perform three annual audits of Defendants to determine compliance with the Act.  The audit shall include a review of time and payroll records and record keeping practices of the Defendants for compliance, including, but not limited to, proper record keeping of hours worked, proper payment of the overtime premium for hours worked in excess of 40 in a workweek and proper payment of the required minimum hourly rate. The aforesaid three audits shall be conducted annually with the initial audit commencing within three months of entry of the consent judgment. The accounting firm shall report the findings and recommendations, in writing, to Defendants. If any of the audits determines that any employee was not paid the correct overtime premium or minimum wage, as required by the FLSA, the Defendants shall pay all wages due and owing within 15 days of the audit's completion and note corrective action taken in the audit reports. The Defendants shall make the reports available for review and copying to Wage and Hour upon request.

D. Defendants shall comply with the FLSA at all current and future establishments in the State of Michigan.

### III. MONETARY RELIEF

A. Pursuant to section 17 of the Act, **IT IS FURTHER ORDERED** Defendants shall not withhold payment of the total sum of $225,000 in unpaid minimum wage and overtime compensation as settlement for the period of August 27, 2014 to August 26, 2016, due the employees listed in Exhibit A, attached hereto, in the gross amounts reflected therein.

B. The total settlement amount is Two Hundred and Twenty-Five Thousand Dollars ($225,000) (the "Settlement Amount"). Defendants shall pay the Settlement Amount on or before September 1, 2020.

C. Payment shall be made by a certified or cashier's check made payable to "Wage and Hour Div., Labor." In the alternative, Defendants may make a contemporaneous payment online via ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov.

D. The Secretary will distribute the proceeds (less legal deductions for each employee's share of social security and Federal withholding taxes), to the persons listed in Exhibit A, and any amounts of unpaid minimum wage and overtime compensation not so paid because of inability to locate the proper persons or because of their refusal to accept it, shall be deposited with the Clerk of this Court, who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

E. Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

## IV.  MISCELLANEOUS

Except for these proceedings, and matters arising out of these proceedings and any subsequent proceedings between the parties, none of the foregoing agreements, statements, findings, and actions taken by Defendants shall be deemed an admission by Defendants of the allegations contained within the Complaint.  The agreements, statements, findings, and actions taken herein are made for the purpose of compromising and settling this matter amicably, and they shall not be used for any other purpose whatsoever, except as stated herein.

It is agreed by the parties herein and hereby **ORDERED** that each party bears its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

## V.  DISPUTE RESOLUTION

This Court shall retain jurisdiction of this matter to enforce the terms of this final judgment pursuant to Federal Rule of Civil Procedure 54.

**SO ORDERED.**

**DATED**    September 25, 2020

          /s/ Janet T. Neff
**JANET T. NEFF**
United States District Court Judge

The parties hereby consent to the entry of this Consent Judgment:

| | |
|---|---|
| **KATE S. O'SCANNLAIN**<br>Solicitor of Labor<br><br>**CHRISTINE Z. HERI**<br>Regional Solicitor<br><br><br>/s/ Brooke E. Worden<br>**BROOKE E. WORDEN**<br>Senior Trial Attorney<br>U.S. Department of Labor<br>Office of the Solicitor<br>230 S. Dearborn St., Rm. 844<br>Chicago, IL 60604<br>T: (312) 353-1218<br>F: (312) 353-5698<br>worden.brooke.e@dol.gov<br><br>Attorneys for **EUGENE SCALIA,**<br>Secretary of Labor, United States<br>Department of Labor, Plaintiff<br><br><br><br>**ANDREW B. BIRGE**<br>U.S. Attorney<br>Western District of Michigan<br><br>**RYAN D. COBB**<br>Civil Division Chief<br><br>United States Attorney's Office<br>Western District of Michigan<br>P.O. Box 208<br>Grand Rapids, MI 49501<br>T: (616) 808-2031<br>F: (616) 456-2510<br>Ryan.Cobb@usdoj.gov | /s/ Francisco Hernandez<br>**LOS AMIGOS OF KALAMAZOO, INC.**<br>By: _____<br><br>/s/ Francisco Hernandez<br>**LOS AMIGOS GRILL, INC.**<br>By: _____<br><br>/s/ Francisco Hernandez<br>**RIVIERA MAYA, INC.**<br>By: _____<br><br>/s/ Francisco Hernandez<br>**FRANCISCO HERNANDEZ**<br><br>/s/ Felipe Ortiz<br>**FELIPE ORTIZ**<br><br>/s/ Rosa Bravo<br>**ROSA BRAVO**<br><br>/s/ Marcos Macias, Jr.<br>**MARCOS MACIAS, JR.**<br><br>/s/ Juan Carlos Ortiz<br>**JUAN CARLOS ORTIZ**<br><br>/s/ John D. Gardiner<br>**JOHN D. GARDINER**<br>BODMAN PLC<br>99 Monroe Avenue NW<br>Suite 506<br>Grand Rapids, MI 49503<br>T: (616) 205-3123<br>JGardiner@bodmanlaw.com |

8

Case 1:18-cv-00746-JTN-SJB   ECF No. 69 filed 09/25/20   PageID.779   Page 9 of 9

Attorney for Defendants

9